# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MELVIN C. ARRINGTON,
:
    Petitioner,           Case No. 3:06-cv-183

:          District Judge Thomas M. Rose
  -vs-                                  Chief Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review pursuant to Rule 4, Rules Governing §2254 Cases.  Upon initial review, the Court concludes the Petition is barred by the statute of limitations and should be dismissed.

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted

>> was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases. *Day v. McDonough*, ___ U.S. ___, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it). *Scott v. Collins*, 286 F. 3d 923 (6th Cir. 2002).

Petitioner was sentenced on March 22, 2004, and appealed to the Montgomery County Court of Appeals (Petition, Doc. No. 1, ¶2). That court affirmed the conviction and sentence on February 4, 2005. *Id.* at ¶ 9(d). The Petition was signed June 8, 2006, and the Court assumes it was deposited with prison authorities for mailing to the Court on the same day, so that June 8, 2006, counts as the date of filing. An incarcerated person "files" a notice of appeal when he or she deposits it with prison authorities for forwarding to the Clerk. *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). The same rule applies to filing a petition for writ of habeas corpus or §2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

Under Ohio law, Petitioner had forty-five days from the date of the Court of Appeals judgment to appeal to the Ohio Supreme Court, but he did not do so within that time. Thus the conviction became final on March 21, 2005, and the statute began to run. One year later on March

22, 2006, the statute of limitations expired. The filing date here, June 8, 2006, is seventy-eight days late.

Petitioner did make an attempt to obtain permission to file a delayed appeal with the Ohio Supreme Court, but that attempt was unsuccessful and does not toll the statute of limitations.

Accordingly, it is respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations.

June 20, 2006.

                                s/ Michael R. Merz
                                Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Arrington v. Warden R&R on limitations.wpd